UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHONDA LYNN CLARK,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION SERVICE COMPANY OBO WELLS FARGO & CO, et al.,<br><br>Defendants. | Case No. 22-cv-03476-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Lashonda Clark has sued Wells Fargo and a host of other defendants, and appears to allege that they wrongfully repossessed her vehicle. Dkt. No. 1. Clark was granted leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Dkt. No. 8.

The Court may "at any time" dismiss an IFP complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Clark gets a liberal construction of her complaint and the benefit of any doubts, but she still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

The complaint as it currently stands does not meet these standards. To the limited extent it is intelligible, it says that Clark submitted a "notice of claims and debt validation" to Wells Fargo at some unspecified time, that she received unwanted calls and letters from Wells Fargo in attempts to collect payment, that Wells Fargo and unidentified third parties used "skip tracing methods" to locate her vehicle, and that her vehicle was taken without notification or authorization on August 26, 2021. Dkt. No. 1 at 7.

These allegations do not state a plausible claim for relief.  Although not entirely clear, the complaint appears to assert claims for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Truth in Lending Act (TILA), 15 U.S.C. § 1601, and invasion of privacy.  *See* Dkt. No. 1 at 7.  The FDCPA prohibits "debt collector[s]" from "making false or misleading representations and from engaging in various abusive and unfair practices."  *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *see also Henderson v. Select Portfolio Servs., Inc.*, No. 3:15-cv-03028-JD, 2016 WL 1059414, at *2 (N.D. Cal. Mar. 17, 2016).  On the face of the complaint, it is far from clear that any defendant made false or misleading representations to Clark, or engaged in abusive or unfair practices toward her.  The complaint says nothing about predatory lending practices that could support a claim under TILA, and does not describe conduct that could constitute a serious invasion of privacy.  *See Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1193 (N.D. Cal. 2020).

Consequently, the complaint is dismissed, and all pending motions are terminated.  Clark may file an amended complaint that is consistent with this order by February 1, 2023.  Clark may not add any new defendants or claims, or make any additional filings in this case without the Court's prior permission.  A failure to meet this deadline or otherwise comply with this order will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  January 12, 2023

JAMES DONATO
United States District Judge